FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY 02 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

-against-

VOLKAN MERGEN,

Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**06-CR-352 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Volkan Mergen was convicted of six criminal charges by a jury. He now moves, pursuant to Federal Rule of Criminal Procedure 33, for a new trial based on alleged ineffective assistance rendered by his trial counsel. He argues that his trial counsel failed to advise him of the sentence he potentially faced by rejecting a plea offer tendered by the Government and proceeding to trial. The court need not reach the merits of this claim, however, because Mergen's motion is untimely. It is therefore DENIED.

## I. BACKGROUND[1]

On June 5, 2006, Mergen waived indictment and pleaded guilty, pursuant to a cooperation agreement, to a one-count Information charging him with interstate travel in aid of racketeering. (Information (Docket Entry # 5); Waiver of Indictment (Docket Entry # 6); Minute Entry of June 5, 2006 (Docket Entry # 8).) Mergen subsequently breached the cooperation agreement and negotiations with the Government to resolve the breach were unsuccessful, after which the court granted Mergen's motion to withdraw his guilty plea. (See Minute Entry of Aug. 5, 2008 (Docket Entry # 9).)

---

[1] The factual and procedural history of this case is complex, but the court will discuss only those facts pertinent to the instant motion.

1

The Government then conducted additional negotiations with Mergen's defense counsel, Martin J. Siegel. (See Siegel Ltr. of Aug. 4, 2009 (Docket Entry # 23).) The Government eventually made another plea offer in August 2009. Under the terms of that agreement, Mergen would plead guilty to the same interstate travel in aid of racketeering charge to which he originally pleaded guilty, which carried a statutory maximum sentence of five years' imprisonment; the Government also informed Siegel that if Mergen rejected the offer and the case proceeded to trial, it would seek a superseding indictment charging Mergen with additional narcotics- and robbery-related charges. (See id.; Siegel Ltr. of Aug. 17, 2009 (Docket Entry # 119-3).) On September 8, 2009, Siegel informed the Government that Mergen had rejected the offer and would proceed to trial. (Docket Entry # 26.) As a result, Mergen was charged with a total of six crimes, five of which were not included in the original Information. (Superseding Indictment (Docket Entry # 65).)

On April 22, 2010, after a six-day trial, the jury found Mergen guilty of all six charges. (Jury Verdict (Docket Entry # 89).) Mergen was remanded to prison that same day. (Minute Entry of Apr. 22, 2010 (Docket Entry # 88).) Mergen's post-conviction motion based on sufficiency of the evidence at trial was denied. (Docket Entry # 106.)

On August 27, 2010, the United States Probation Department issued a Pre-Sentence Investigation Report ("PSR") stating that the "applicable guidelines range" Mergen faced was "360 months to life." (PSR ¶¶ 108-14.) Siegel sent the PSR to Mergen on September 16, 2010. (See Siegel Ltr. of Sept. 16, 2010 (Docket Entry # 119-4).)

On July 8, 2011, Mergen appeared before the court for sentencing. The court made the following finding with respect to the Sentencing Guidelines range applicable to Mergen's

crimes: "With a total offense level of 32, criminal history category of six, the range of imprisonment is 360 months to life and there is a separate consecutive sentence the Court must impose of five years or 60 months for a conviction on Count Six." (Tr. of July 8, 2011 (Docket Entry # 121-4), at 12.) But as the court was preparing to impose its sentence, Mergen asked to address the court and stated: "[I]f I would have known before trial that I was facing more than five years I would have never went to trial—absolutely not. I was never informed." (Id. at 14.) After a brief recess in which Mergen conferred with Siegel, Mergen again stated that had "never heard of anything greater than five years in [his] sentence exposure." (Id. at 21.) The court granted Siegel's motion to be relieved as counsel and adjourned sentencing without a new date. (Minute Entry of July 7, 2011 (Docket Entry # 114).) On July 18, 2011, the court appointed Howard L. Jacobs as counsel to Mergen. (Docket Entry # 115.)

On October 25, 2011, Mergen, through his new counsel, filed the instant motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, arguing that he was denied his Sixth Amendment right to effective assistance of counsel. (Def. Mot. (Docket Entry # 119); Def. Mem. of Law in Supp. of Mot. for New Trial (Docket Entry # 119-5) at 3-4.) Relying upon the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984), Mergen argues that: (1) Siegel's performance was deficient because he advised Mergen to reject the Government's plea agreement—which would have resulted in a maximum sentence of five years' imprisonment—without informing Mergen "that if convicted of new charges proposed by the government he was facing a potential life sentence"; and (2) Mergen was prejudiced by Siegel's performance because he did not know what his sentencing guideline would be until he read the PSR, and "would surely have accepted the five year maximum plea offer" had he known

3

about the sentence that would potentially result from proceeding to trial. (Id. at 3.) The Government filed an opposition arguing that Mergen's motion is untimely and in any event meritless. (Gov't Opp'n (Docket Entry # 121).) Mergen replied with a letter to the court asserting that he should be granted a hearing on his motion. (Def. Reply (Docket Entry # 122).)

## II. DISCUSSION

Federal Rule of Criminal Procedure 33(a) provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The time limits for filing such a motion, however, are strictly circumscribed. If a motion for new trial is grounded in "newly discovered evidence," then it "must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). But if the motion is "grounded on any reason other than newly discovered evidence," it "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

Mergen's verdict occurred on April 22, 2010. (Docket Entry # 89.) He filed the instant motion on October 25, 2011. (Docket Entry # 119.) Thus, the timeliness of Mergen's motion depends on whether it is grounded in "newly discovered evidence," which would entitle Mergen to the three-year deadline under Rule 33(b)(1) rather than the fourteen-day deadline under Rule 33(b)(2). Although Mergen does not address the Government's argument that his motion is untimely (see Gov't Opp'n at 14; Def. Reply), he has asserted in an affidavit that he did not know until after his conviction that he potentially faced a sentence of 360 months to life by going to trial (Mergen Aff. ¶¶ 5-6). The question is whether this information qualifies as "newly discovered evidence" under Rule 33(b)(1). The court concludes that it does not.

4

The Second Circuit has held consistently "that ineffective assistance claims do not present new evidence within the meaning of Rule 33." United States v. Castillo, 14 F.3d 802, 805 (2d Cir. 1994) (citing United States v. Dukes, 727 F.2d 34, 39 (2d Cir. 1984)); United States v. Cammacho, No. 10-CR-3078, 2012 WL 499245, at *1 (2d Cir. Feb. 16, 2012) ("'The longer period provided by [Rule 33] for a motion based on newly discovered evidence applies only to motions that address the issues raised by the criminal charges, not to motions that raise collateral issues such as the effectiveness of trial counsel.'" (quoting United States v. Mayo, 14 F.3d 128, 132 (2d Cir. 1994)); United States v. Blake, No. 10-CR-349 (RPP), 2011 WL 3463030, at *4 (S.D.N.Y. Aug. 5, 2011); United States v. Peterson, 233 F. Supp. 2d 475, 486-88 (E.D.N.Y. 2002); United States v. Farrah, 128 F. Supp. 2d 103, 115 n.2 (D. Conn. 2001). That is the case regardless of whether the defendant was aware of the information forming the basis of his ineffective assistance claim before the verdict. See, e.g., Dukes, 727 F.2d at 39 ("It is true that most defendants cannot and do not realize the inadequacies of trial counsel's performance until well after trial. But . . . the practical difficulties faced by defendants seeking to raise ineffective-assistance-of-counsel claims by way of motion for a new trial do not give us cause to corrupt the clear language of Rule 33." (alterations omitted)); Blake, 2011 WL 3463030, at *3-*4 (denying as untimely defendant's motion for new trial based on ineffective assistance even though defendant allegedly learned about the information giving rise to his claim "several months after his conviction"); Peterson, 233 F. Supp. 2d at 487 ("The Court reads Castillo as the rule in the Second Circuit that ineffective assistance claims, whether based on facts known to the defendant at the time of trial or facts learned by the defendant after trial, do not present newly discovered evidence under Rule 33.").

Because the claim raised by Mergen's Rule 33 motion does not involve newly discovered evidence, see Castillo, 14 F.3d at 805, Mergen was required to file his motion within fourteen days of his verdict, see Fed. R. Crim. P. 33(b)(2). He failed to do so. Indeed, he filed his motion more than a year after he supposedly *discovered* the basis for his ineffective assistance claim (see Mergen Aff. ¶ 6), despite being appointed *new* counsel ten days after the court adjourned his sentencing (see Docket Entry #115). His motion is therefore untimely, and no hearing is necessary to resolve it.

## III. CONCLUSION

For the foregoing reasons, Mergen's motion for a new trial is DENIED. Should Mergen choose to further pursue his ineffective assistance claim, he may do so through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2225. See Cammacho, 2012 WL 499245, at *1. The parties are directed to contact the court deputy to schedule a sentencing date.

SO ORDERED.

Dated: Brooklyn, New York
April 3o, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge